# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD GOMEZ, | Case No. 2:17-cv-00166-APG-NJK |
| Petitioner, | **ORDER** |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Respondents. | |

This is a represented immigration habeas matter under 28 U.S.C. § 2241 (ECF No. 1). On January 20, 2017, the court denied petitioner Ronald Gomez's emergency motion for stay (ECF No. 2). The court has reviewed the petition pursuant to the Rules Governing Habeas Cases, Rule 4 and finds that it must be dismissed.

According to the allegations of the petition, petitioner is a native and citizen of El Salvador. A Notice to Appear issued on April 6, 2007, charging Gomez as removable. Gomez appeared in immigration court with counsel, admitted the factual allegations, and conceded the charge of removability. The Immigration Judge issued a decision determining that Gomez was not eligible for cancelation of removal. The Board of Immigration Appeals affirmed the decision on July 31, 2012. The Ninth Circuit Court of Appeals denied Gomez's petition for review on November 25, 2015, and on February 2, 2016, the Ninth Court denied his petition for rehearing and stay of removal. The Ninth Circuit denied Gomez's second petition for panel rehearing on February 11, 2016, and

the United States Supreme Court denied his petition for a writ of certiorari on April 29, 2016 (ECF No. 1, pp. 7-9).

The present federal habeas petition is brought under 28 U.S.C. § 2241 exclusively against federal officials, including the United States Attorney General, the Secretary of the Department of Homeland Security, and two subordinate federal officials.

Petitioner challenges the current deportation order, arguing that the enforcement of the June 6, 2011 removal order constitutes a "gross miscarriage of justice." He seeks an immediate stay of deportation order pending the outcome of this petition, an order vacating the order of deportation on the basis that it violates Fourteenth Amendment due process (ECF No. 1, p. 18).

Pursuant to the REAL ID Act, 8 U.S.C. § 1252(a)(5) and (b), a federal district court does not have jurisdiction over a habeas petition seeking to challenge a removal order. *See, e.g., Flores-Torres v. Mukasey*, 548 F.3d 708, 710-11 (9th Cir. 2008); *Iasu v. Smith*, 511 F.3d 881 (9th Cir. 2007). The exclusive method for obtaining judicial review of a final order of removal is through filing a petition for review in the court of appeals. *Id*. Because petitioner filed the present petition after the May 11, 2005, effective date of the above-cited jurisdictional provision, dismissal of the petition rather than transfer to the court of appeals is required where jurisdiction in the district court is absent. *E.g., Iasu*, 511 F.3d at 884 & 893. Moreover, as set forth above, petitioner has already appealed his removal order to the Ninth Circuit.

Petitioner alleges that he has been deprived of his due process rights, but as a practical matter he seeks further judicial review of the removal order. Here, the relief sought is an order from the district court under § 2241 declaring that federal immigration officials may not lawfully remove petitioner from the United States. The district court

does not have jurisdiction to grant such relief.  The petition shall therefore be dismissed without prejudice for lack of jurisdiction.

    **IT IS THEREFORE ORDERED** that the petition shall be **DISMISSED** without prejudice for lack of jurisdiction over the subject matter.

    **IT IS FURTHER ORDERED** that, to the extent that a certificate of appealability is required in this procedural context, a certificate of appealability is **DENIED**.  Jurists of reason would not find the district court's dismissal of the petition for lack of jurisdiction over the subject matter to be debatable or incorrect.

    **IT IS FURTHER ORDERED**, pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases, that the Clerk of Court shall serve a copy of the petition and this order upon respondents: (1) by having the United States Marshal, by the close of business on the date that this order is entered, deliver same to the United States Attorney for the District of Nevada or to the person designated thereby for acceptance of service; (2) by certified mail upon the Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001; and (3) by certified mail upon the Secretary, United States Department of Homeland Security, Washington, D.C. 20528.

    **IT IS FURTHER ORDERED** that counsel for respondents shall enter a notice of appearance, only, within ten (10) days of entry of this order.  Thereafter, no response is required from respondents herein other than to respond to any orders by a reviewing court should an appeal be taken.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action without prejudice for lack of jurisdiction over the subject matter.

DATED: 7 April 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE